```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                       DISTRICT OF VERMONT


                                    :
UNITED STATES OF AMERICA,           :
                                    :
                                    :
     v.                             :  Civil No. 1:09-CV-279
                                    :
$6,826 IN U.S. CURRENCY,            :
2002 CADILLAC ESCALADE, VIN         :
1GYEK63N324173191, WITH ALL         :
APPURTENANCES AND ATTACHMENTS       :
THEREON,                            :
                                    :
          Defendants.               :
                                    :
```

RULING ON GOVERNMENT'S MOTION FOR ORDER OF FORFEITURE,
CLAIMANT'S MOTION TO RECONSIDER ORDER STRIKING
CLAIM, CLAIMANT'S REQUEST TO FILE
ANSWER NUNC PRO TUNC, AND
GOVERNMENT'S MOTION FOR INTERLOCUTORY SALE
(Docs. 15, 16, 19, 21)

On December 11, 2009, the United States filed a Verified Complaint of Forfeiture *in rem* against the Defendants, $6,826 in U.S. currency and a 2002 Cadillac Escalade, VIN 1GYEK63N324173191.  The currency and Escalade had been seized because there was probable cause to believe the currency constituted the proceeds of transactions involving controlled substances, and was therefore forfeitable under 21 U.S.C. § 881(a)(6), and the vehicle either had been used, or was intended to be used, to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances, and was thus forfeitable under 21 U.S.C. § 881(a)(4).  On May 18, 2010, this Court granted the government's Motion to Strike a claim filed by

Thomas Milazzo, Jr.  Mr. Milazzo's claim was unverified and he had failed to file an answer within twenty-one days after the claim, as required by Rules G(5)(a)(i)(C), C(6)(a)(iv), and G(5)(b) of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions.

Before this Court are the government's Motion for Entry of Order of Forfeiture (Doc. 15), Milazzo's Motion to Reconsider[1] (Doc. 16) the Court's May 18, 2010 Order striking his claim, Milazzo's Request to File Answer Nunc Pro Tunc (Doc. 19), and the government's Motion for an Interlocutory Sale of the Escalade (Doc. 21).  For the reasons that follow, the Motion for Entry of Order of Forfeiture is GRANTED, Milazzo's Motion to Reconsider and his Request to File an Answer Nunc Pro Tunc are DENIED, and the government's Motion for an Interlocutory Sale is DENIED as moot.

I. Background

The government commenced this civil forfeiture action on December 11, 2009, and sent a copy of the Verified Complaint of

---

[1] Milazzo's motion is styled "Motion to Reconsider Granting of Motion to Strike Verified Answer to Complaint of Forfeiture," and refers first to a decision to strike an answer and second to a decision to strike Milazzo's claim.  This Court's text Order of May 18, 2010 (Doc. 14) granted the government's Motion to Strike Claim (Doc. 10) and did not make any ruling regarding an answer, which had not been filed. At the time of filing the Motion to Reconsider, Milazzo's counsel was still under the mistaken impression an answer had been filed.

Forfeiture, Warrants of Arrest, and a Notice of Judicial Forfeiture Proceedings dated December 14, 2009, to William D. Wright, Esq., counsel for Thomas J. Milazzo, Jr.  On December 14 and 15, 2009, the United States Marshal Service seized the $6,826 in U.S. currency and 2002 Cadillac Escalade, which the Vermont State Police had seized at the time of Milazzo's arrest on drug charges in June 2009.  On January 23, 2010, the government posted a Notice of Forfeiture Action on an official government website, [www.forfeiture.gov,](www.forfeiture.gov,) for at least thirty consecutive days, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules.  Milazzo, the only claimant in this case, filed a notarized but unverified Claim to the currency and Escalade on February 22, 2010.

On May 18, 2010, this Court granted by text order (Doc. 14) the government's Motion to Strike Milazzo's claim (Doc. 13).  The government's Motion to Strike asserted Milazzo lacked statutory standing because his claim was unverified and Milazzo had failed to file an answer to the Complaint of Forfeiture.  On May 25, 2010, Milazzo moved for reconsideration (Doc. 16) of the May 18 Order, and on June 10, 2010, requested to file his answer nunc pro tunc (Doc. 19), on grounds that Milazzo's counsel, by reason of inadvertence and excusable neglect, had failed to file an answer.

II.  Discussion

    A.  Milazzo's Failure to Verify His Claim and to Answer

    Milazzo's Claim to the currency and Escalade (Doc. 10), filed on February 22, 2010[2], was notarized, but it failed to comply with the statutory requirements for a verified claim because it was not made under penalty of perjury.  Furthermore, Milazzo failed to file a verified answer in this case.  He moves the Court to reconsider the Order striking his claim and requests permission to file an answer nunc pro tunc.

    18 U.S.C. § 983(a)(2)(C)(iii) provides that a claim shall "be made under oath, subject to penalty of perjury." Verification is an "essential element of any claim because of the substantial danger of false claims."  United States v. U.S. Currency in the Amount of $103,387.27, 863 F.2d 555, 559 (7th Cir. 1988).  Verification ensures that a claimant places himself "at risk of perjury for false claims," and is not a technical

---

[2] The government served Milazzo, through his attorney, with a direct notice of the forfeiture proceedings, dated December 14, 2009, as required under Rule G(4)(b) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  According to Rule G(5)(a)(ii), which governs the time for filing claims, the deadline for Milazzo's claim was defined in the direct notice, which called for filing a verified claim within thirty-five days of the date on the notice. (Doc. 5.)  Although Milazzo missed the January 18 deadline calculated under the Rule for recipients of direct notice, this Court granted nunc pro tunc 2/22/2010 Milazzo's unopposed request for enlargement of time to file his notice of claim (Doc. 8), by text order entered March, 11, 2010 (Doc. 12).

4

requirement that a court will easily excuse.  <u>United States v. Commodity Acct. No. 549 54930 at Saul Stone & Co.</u>, 219 F.3d 595, 597 (7th Cir. 2000).  Even if this Court were to permit Milazzo to correct this technical deficiency, Milazzo has not shown that his failure to file an answer amounts to excusable neglect, and his motion to reconsider the order striking his claim and his request to file an answer nunc pro tunc should be denied on that ground alone.

Milazzo's Request to File an Answer Nunc Pro Tunc (Doc. 19) explains that his counsel inadvertently failed to file the answer itself and instead filed only a set of state court documents, intended to be in support of the answer, with the Clerk for the United States District Court.  Milazzo's Request states that the Clerk returned the state court documents to his counsel's office, and he attaches to his Request the March 17, 2010 letter from the Clerk of Court notifying counsel that the returned state court documents did not appear to be meant for filing in District Court.  <u>See id.</u> and (Doc. 19-2); <u>see also</u> (Doc. 16-1).  Milazzo's counsel states he "cannot explain how" the answer was omitted and suspects "office neglect."  <u>Id.</u>

Milazzo's motion fails to demonstrate counsel's failure amounts to "excusable neglect" warranting an extension of time to file under Federal Rule of Civil Procedure 6(b)(1)(B).  While the Second Circuit has expressed "sympathy for those who, through

5

mistakes – counsel's inadvertence or their own – lose substantial rights" by failing to meet time limits, it has taken a "hard line" in evaluating claims of excusable neglect, and noted the "legal system would groan under the weight of a regimen of uncertainty in which time limitations were not rigorously enforced."  Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 367-68 (2d Cir. 2003).  While excusable neglect is an "elastic concept" that calls for the court to take account of "all relevant circumstances surrounding the party's omission," Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392, 395 (1993), of the factors courts consider, the Second Circuit has often focused on "the reason for the delay, including whether it was within the reasonable control of the movant." Silivanch, 333 F.3d at 366 (quoting Pioneer).

Here, the only reason Milazzo's counsel has offered for the failure to file Milazzo's verified answer is "office neglect," and this fails to demonstrate excusable neglect.  Milazzo's counsel should have been on notice that there was a problem with his filing because the Clerk of Court returned the state court documents to his office, together with the March 17, 2010 letter, which stated the "pleadings do not appear to be for filing in our Court."  (Doc. 16-1.)  Furthermore, on March 19, 2010, Milazzo's counsel received a letter from the U.S. Attorney's office indicating the government had received documents regarding

Milazzo's state court case, that it was not clear whether the government was intended to receive the documents, and requesting that Milazzo's counsel contact the government.  On April 27, 2010, the government's Motion to Strike stated the "Claimant has never filed a verified claim or an answer to the Complaint with the Court."  (Doc. 13 at 2.)  Milazzo's counsel claims it was not until a June 8, 2010, conversation with the government that he was advised of the omission of the Answer from the March 15 filing.  Milazzo's counsel should have realized earlier that there was a failure to file and he has failed to demonstrate excusable neglect.  Therefore, this Court denies Milazzo's Motion to Reconsider and his Request to File an Answer Nunc Pro Tunc.

    B.   <u>Order of Forfeiture</u>

Because Milazzo has failed to file a verified answer, the government's Motion for Entry of Order of Forfeiture is granted, and its Motion for an Interlocutory Sale of the Escalade is moot.

III.  <u>Conclusion</u>

For the reasons set forth above, Milazzo's Motion to Reconsider the order striking his claim (Doc. 16), and Request to File an Answer Nunc Pro Tunc (Doc. 19), are DENIED.  The government's Motion for Entry of Order of Forfeiture (Doc. 15) is GRANTED; its Motion for an Interlocutory Sale (Doc. 21) is DENIED as moot.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 14th day of October, 2010.

                                                           /s/ J. Garvan Murtha  
                                                         Honorable J. Garvan Murtha  
                                                         Senior United States District Judge